IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RENE C.C., <br><br>        Petitioner, <br><br>        vs. <br><br> WARDEN, *et al.*, <br><br>        Respondents. | Civil No. 1:26-cv-03336-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS IN PART <br><br> A# 233-815-167 |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Mario Rene C.C.[1] is an immigration detainee proceeding with a

petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1.

It is unclear exactly when Petitioner entered the United States, but he did so

without inspection and lived here for some amount of time.  But on January 29, 2026, he

was detained by Department of Homeland Security ("DHS") officers who determined

that he did not have documentation or authorization that would allow him to remain in

the United States.  Dkt. No. 10, at pg. 1-2.  He has been in detention since.[2]

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

[2]     Although the petition names the Respondent as "Warden, Adelanto ICE Processing Center," immigration records show that Petitioner is detained at the California City Immigration Processing Center, within this district.  Dkt. No. 5, at pg. 1.

Petitioner now invokes this court's habeas jurisdiction, seeking an order granting either his immediate release or an immediate bond hearing. Dkt. No. 1, at pgs. 6-7. He contends he "has not yet been given a meaningful opportunity to request release on bond" and that he is neither a flight risk nor a danger to the community. *Id.*, at pg. 7. This court and many others have granted relief—that is, have ordered bond hearings— in cases analogous to this one. *See, e.g., Jose C.L.L. v. Chestnut*, No.1:26-cv-03453-MWJS (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No.1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court ordered briefing on the petition, calling on Respondents to address whether this case is distinguishable in any material way. Dkt. No. 8. The court appreciates Respondents' timely and candid response. Dkt. No. 10. Respondents maintain that Petitioner's detention is lawful, given he was not previously released into the United States, but in the alternative, contend that Petitioner is properly detained

---

As a result, Petitioner's habeas petition, which was originally filed with the U.S. District Court for the Central District of California, was transferred to this district.

2

under 8 U.S.C. § 1226(a).  *Id.* at pg. 1.  Under that framework, Respondents concede that

Petitioner would be entitled to a bond hearing before an Immigration Judge.  *Id*. at pg.

2.

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the

extent Petitioner contends in his petition that he is entitled by statute to a bond hearing.

Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner

unless they demonstrate, within seven days of the date of this order, that Petitioner has

received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C.

§ 1226(a) and its implementing regulations.  Respondents shall file a status report

within ten days of the date of this order, confirming whether a bond hearing has been

held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  May 15, 2026, at Honolulu, Hawai‘i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1: 26-cv-03336-MWJS; *Mario Rene C.C. v. Warden, et al.*; ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS IN PART